```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

ALPHONSE R. FERENT, JR.,      )
            Plaintiff,        )
                              )
            v.                )     CIVIL ACTION
                              )     NO. 09-11791-MLW
UNITED STATES OF AMERICA,     )
ET AL.,                       )
            Defendants.       )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 25, 2010

I.   INTRODUCTION

On February 20, 2009, plaintiff Alphonse R. Ferent, Jr., a pro se litigant, filed a civil complaint against numerous federal defendants, including the United States, its officials and employees, various judges of the United States District Court for the District of Massachusetts, judges of the United States Court of Appeals for the First Circuit, former Attorney General Michael Mukasey, and former Vice President Richard Cheney. Ferent v. United States, et al., Civil Action No. 09-10253-MLW.

On June 11, 2009, this court issued a Memorandum and Order (Docket No. 11) dismissing Civil Action No. 09-10253-MLW with prejudice. Thereafter, a further Order (Docket No. 18) issued, prohibiting Ferent from re-filing his claims in any fashion.

Thereafter, on October 9, 2009, in violation of this court's Order, Ferent filed a new civil action (the instant action), asserting the same claims as those raised in Civil Action No. 09-10253-MLW. Ferent's cover letter accompanying the complaint

indicated that he intended this complaint to be a "replacement" civil action. In addition to asserting all of his prior claims, Ferent also named the undersigned as a party in the caption of this case, as well as United States Supreme Court Chief Justice John Roberts, presumably in support of his allegations of civil rights violations by the federal judicial system.

Along with this new complaint, Ferent filed a Motion for Leave to Proceed in forma pauperis (Docket No. 2). On October 15, 2009, Ferent filed an Emergency Motion For Preliminary Injunctive Relief From Creditors and Bankruptcy (Docket No. 3), alleging that all of the Defendants have engaged in a cover criminal conspiracy. Later, on October 20, 2009, Ferent filed an "Emergency Motion For the Attorney General to Assign a Special Prosecutor/Investigator Before This Civil Action Goes Any Further" (Docket No. 4).

Subsequently, this court discovered that Ferent died on November 13, 2010. As a result, on March 5, 2010, the Clerk's Office sent a letter to Joanne Ferent (on the presumption that she was Ferent's wife), inquiring whether Ferent's Estate intended to proceed with this litigation.

On March 16, 2010, this court received a letter from Irene Mallett, the Administratrix of Ferent's Estate. In her letter, Ms. Mallett advised the court that, in fact, Joanne Ferent was not Ferent's wife, but his daughter-in-law. Ms. Mallett

indicated that she was the appointed Administratrix of Ferent's Estate, attaching a copy of her appointment in the Norfolk County Probate and Family Court, and a copy of Ferent's death certificate.  Ms. Mallett's letter requests that this court dismiss all actions.

II. DISCUSSION

The death of Ferent moots many of the issues raised by his re-filing of the earlier, dismissed civil action in violation of this court's Orders.  Nevertheless, in view of the request by the Administratrix of Ferent's Estate for a dismissal of this action, this court finds that a discourse into the merits of this case is not warranted.  Rather, the court will construe Ms. Mallett's letter as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), and will grant the request and enter a dismissal of this action at this time.

In light of this Order, all requests for relief contained in Ferent's complaint, and all requests for relief contained in both his Emergency Motion to For Preliminary Injunctive Relief From Creditors and Bankruptcy (Docket No. 3) and his "Emergency Motion For the Attorney General to Assign a Special Prosecutor/ Investigator Before This Civil Action Goes Any Further" (Docket No. 4), will be DENIED as moot.

As a additional matter, the court notes that Ferent may have sought to reassert claims under the Federal Tort Claims Act

("FTCA") that were previously dismissed for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies under the FTCA. Notwithstanding that Ferent may have completed administrative exhaustion, any FTCA claims raised in this action will also be dismissed in light of the voluntary dismissal.

Finally, as a housekeeping matter, with respect to the filing fee, this court will ALLOW the Motion for Leave to Proceed in forma pauperis (Docket No. 2) nunc pro tunc.

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Docket No. 2) is ALLOWED nunc pro tunc;

2. All requests for relief contained in the complaint are DENIED, and all requests for relief contained in plaintiff's Emergency Motion For Preliminary Injunctive Relief From Creditors and Bankruptcy (Docket No. 3) and his "Emergency Motion For the Attorney General to Assign a Special Prosecutor/Investigator Before This Civil Action Goes Any Further" (Docket No. 4), are DENIED;

3. The court GRANTS the request by the Administratrix of plaintiff's Estate for dismissal of this action; this action is DISMISSED in its entirety as to all claims.


SO ORDERED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE